UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Travis Heath King, | ) | C/A No. 6:11-2833-RBH-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Tavcia L. James, McCormick CI Medical | ) | |
| Quarters, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Travis Heath King ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate of the South Carolina Department of Corrections ("SCDC") and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint claims Defendant James was deliberately indifferent to Plaintiff's serious medical needs in relation to seizures Plaintiff has experienced. Plaintiff seeks monetary damages as well as injunctive relief. The Complaint should be dismissed for failure to exhaust administrative remedies.

**DISCUSSION**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court. The *in forma pauperis* statute authorizes the district court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held

1

to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

Plaintiff files this civil rights action pursuant to 42 U.S.C. § 1983. A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). The civil rights statute 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979)). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Complaint alleges that Plaintiff experienced a seizure on September 20, 2011, observed by several officers, which resulted in a "busted" lip and head. ECF No. 1 at 3. The officers contacted medical staff, and Defendant James responded. Plaintiff claims Defendant James denied that Plaintiff has seizures and stated he was "okay" without checking his blood pressure, heart rate, oxygen level, or the knot on his head. *Id*. Defendant James is alleged to have wiped blood off of Plaintiff's face and left him on the

2

floor without examining him. *Id*. Plaintiff also alleges he was taken off his seizure medication because he quit taking his depression medication. *Id.* He claims his life is in danger because he isn't receiving the proper medical treatment and medication and that this is a "second incident" with this Defendant. *Id*. The Complaint indicates that Plaintiff filed a prisoner grievance concerning his claim on "8-9-2011 & 9-21-2011," but "no disposition yet." *Id*. at 2. Plaintiff seeks monetary damages and injunctive relief in the form of being "moved to a yard that I'll get proper medical attention & medication." *Id*. at 5.

The Complaint states a claim for deliberate indifference to a serious medical need by a person acting under color of state law. *See Estelle v. Gamble*, 429 U.S. 97, 103-104 (1976) (holding that "deliberate indifference to serious medical needs of prisoners" violates the Eighth Amendment). The Complaint, however, acknowledges that Plaintiff did not exhaust the SCDC prisoner grievance procedures so as to exhaust his available administrative remedies prior to filing this case. ECF No. 1 at 2. The Prison Litigation Reform Act ("PLRA") provides, in part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA "seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" *Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (quoting *Porter v. Nussle*, 534 U.S. 516, 525 (2002)).

The United States Supreme Court has held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general

circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. at 524; *see Booth v. Churner*, 531 U.S. 956 (2001) (PLRA requires administrative exhaustion even if grievance procedure does not allow monetary damages and prisoner seeks only monetary damages, so long as grievance tribunal has authority to take some responsive action).  Although the Supreme Court in *Jones v. Bock*, 549 U.S. 199 (2007) found that the lack of exhaustion of administrative remedies is an affirmative defense and not a jurisdictional infirmity, which abrogated procedures in some Circuits, the *Jones v. Bock* decision did not abrogate procedures followed by the Fourth Circuit.  The Fourth Circuit decision in *Anderson v. XYZ Correctional Health Services*, 407 F.3d 674 (4th Cir. 2005), is noted in the *Jones* case for the holding that the PLRA exhaustion requirement is an affirmative defense. *Jones v. Bock*, 549 U.S. at 205, n. 2.  The Fourth Circuit in *Anderson v. XYZ Correctional Health Services* not only determined that exhaustion is an affirmative defense, but also noted that if the lack of exhaustion is apparent from the face of the prisoner's complaint, *sua sponte* dismissal prior to service of the complaint is appropriate.  *See Anderson v. XYZ Correctional Health Services*, 407 F.3d 674, 683 (4th Cir. 2005) ("That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint...."); *see also Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655-56 (4th Cir. 2006) ("certain affirmative defenses implicate important institutional interests of the court, and may sometimes be properly raised and considered *sua sponte*.").

The Complaint in this case specifically alleges Defendant James was deliberately indifferent to Plaintiff's serious medical needs after he experienced a seizure on September 20, 2011. Plaintiff filed a grievance the following day, on September 21, 2011, but a response had not been received as of the time the Complaint was filed. The Complaint is dated October 6, 2011, only fifteen (15) days after the grievance was filed. The Court may take judicial notice of the SCDC prisoner grievance process, specifically SCDC Policy GA-01.12 (Inmate Grievance System). *See Drakeford v. Thompson*, 2010 WL 4884900 (D.S.C. October 1, 2010). The SCDC prisoner grievance policy establishes forty (40) days for the Warden to respond to a step one grievance, as well as several days for the administrative processing of the grievance. Plaintiff did not wait a sufficient time to allow for SCDC to respond to his grievance. Further, if Plaintiff doesn't agree with the result of the step one grievance, he must appeal the decision in a step two grievance to exhaust the administrative remedies available through the SCDC prisoner grievance policy. By filing this § 1983 action only fifteen (15) days after initiating the required administrative remedy through the SCDC prisoner grievance system, Plaintiff has simply filed prematurely in this case. Additionally, Plaintiff does not assert that the administrative process is unavailable. *See Hill v. Haynes*, 380 Fed. Appx. 268, 270 (4th Cir.2010)("An administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it."). The lack of exhaustion of administrative remedies is apparent on the face of the Complaint, so the Complaint should be dismissed without prejudice, to allow Plaintiff to complete his pursuit of administrative remedies.

**Recommendation**

Accordingly, it is recommended that the District Judge dismiss the Complaint *without prejudice* and without issuance and service of process.  28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).


s/ Kevin F. McDonald
United States Magistrate Judge

November 21, 2011
Greenville, South Carolina


**The plaintiff's attention is directed to the notice on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 E. Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).